# In the United States Court of Federal Claims

No. 20-205
(Filed: 13 July 2020)
NOT FOR PUBLICATION

```
*******************************************
RODNEY DALE CLASS,                    *
                                      *
            Plaintiff,                *     Pro se; RCFC 12(b)(1); Subject-Matter
                                      *     Jurisdiction; Tucker Act Jurisdiction;
v.                                    *     Money-Mandating Source of Law
                                      *
THE UNITED STATES,                    *
                                      *
            Defendant.                *
                                      *
*******************************************
```

## OPINION AND ORDER

*Rodney Dale Class*, *pro se*, of Waynesville, NC.

*Ann C. Motto*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Patricia M. McCarthy*, Assistant Director, all of Washington, D.C., for defendant.

## I.      Introduction

*Pro se* plaintiff Rodney Dale Class filed a complaint alleging unjust conviction and imprisonment and violation of several constitutional and statutory provisions.  *See* Compl., ECF No. 1.  The government moved to dismiss this matter pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").  *See* Def.'s Mot. to Dismiss, ECF No. 8 ("Def.'s Mot.").  For the following reasons, the government's motion is **GRANTED**, and Mr. Class's complaint is **DISMISSED**.

## II.     Factual and Procedural History

On 25 February 2020, Mr. Class filed his initial complaint which included various allegations against the United States.  *See* Compl.  These allegations included an "unjust conviction and imprisonment claim agianst [sic] the United States," a constitutional claim alleging "[t]his Petitioners [sic] . . . has been deny [sic] his right that was protected under the Bill of Right[s] by the 2nd amendment . . . [and] 14th amendment," and several claims based on federal statutes that provide protection of the aforementioned constitutional rights.  *Id.* ¶ 1; ECF No. 1-1

("Compl. Attach.") at 4–7.  On 20 April 2020, the government filed a motion to dismiss pursuant to RCFC 12(b)(1).  *See* Def.'s Mot. at 1.  On 27 April 2020, Mr. Class filed his response to the motion to dismiss which alleged "[t]he real issue before this Court of Claims is the unconstitutional acts of those under a contract for wages to [the people of the United States]" and called for government counsel to be disqualified under several federal statutes for "refus[ing] to uphold and defend the Constitution of the United States."  *See* Obj. to Dismissal Ann C. Motto Lack Jurisdiction to Claim 12(b)(6) Under the 14th Amendment Section 4 and 36 USC 70503 Grounds for Disqualification, ECF No. 9 ("Pl.'s Resp.") at 2, 7 (emphasis omitted).  On 13 May 2020, the government filed a reply to Mr. Class's response to its motion to dismiss.  *See* Def.'s Reply in Supp. of its Mot. to Dismiss, ECF No. 11 ("Def's Reply").  On 29 May 2020, Mr. Class filed a surreply in which he further elaborates on several of his previous claims.  *See* Obj. to Dismissal, ECF No. 14 ("Pl.'s Surr.").  Mr. Class's surreply was filed by leave of Court on 29 May 2020.  Order, ECF No. 13.  These matters having been fully briefed, the Court now addresses the pending motion.

## III.   Analysis

The government moves to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1).  *See* Def.'s Mot. at 1.

### A.  Legal Standards

#### 1.  RCFC 12(b)(1) – Lack of Subject-Matter Jurisdiction

In considering a motion to dismiss for lack of subject-matter jurisdiction, "a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) ("In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff.").  Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."  *Reynolds v. Army and Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim."  *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

The ability of the Court of Federal Claims to entertain suits against the United States is limited, and the waiver of immunity "may not be inferred, but must be 'unequivocally expressed.'"  *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  "The Tucker Act . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon it whenever the substantive right exists."  *United States v. Testan*, 424 U.S. 392, 398 (1976).

### 2. *Pro Se* Litigants

*Pro se* parties are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). The *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider a claim. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a petitioner acts *pro se* in the drafting of a pleading, the Court "may excuse its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### B. Discussion

#### 1. Jurisdiction Over Mr. Class's Unjust Conviction and Imprisonment Claims

Mr. Class alleges he is the victim of "unjust conviction and imprisonment" and has a "claim aginst [sic] the United States" pursuant to 28 U.S.C. § 1495. Compl. at 1. Mr. Class asserts he "was targeted, profiled under tracking device for 18 months under watched [sic] by probation officer jailed for over 30 days based on a protected right guaranteed." Compl. Attach. at 7. Mr. Class later clarifies he "was falsely convicted of a protected right under the 2nd amendment." Pl.'s Surr. at 1–2.

In response, the government states "[a]lthough this Court has jurisdiction over a claim for damages by a person who was unjustly imprisoned," this Court lacks jurisdiction to adjudicate such claims that do not meet the requirements set out in 28 U.S.C. § 2513. Def.'s Mot. at 2. The government argues "Mr. Class has not met the requisite statutory provisions [in 28 U.S.C. § 2513, and thus is not] entitled to such relief" because "this Court does not possess jurisdiction" over his claim. *Id.*

Pursuant to 28 U.S.C. § 1495, the United States Court of Federal Claims is recognized as having "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States." *Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010). "In order to state a claim for relief [for unjust conviction and imprisonment], a claimant must allege that he satisfies the requirements set forth in 28 U.S.C. § 2513." *Id.* 28 U.S.C. § 2513 establishes those requirements as follows:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or

any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a)(1)–(2).

To state a claim for relief for unjust conviction and imprisonment, "a claimant must allege that he satisfies the requirements set forth in 28 U.S.C. § 2513." *Castro*, 364 F. App'x at 620. Here, throughout his several filings, Mr. Class does not allege his convictions were reversed, set aside, or on a new trial or rehearing he was found not guilty of such an offense. *See generally* Compl.; Compl. Attach.; Pl.'s Resp.; Pl.'s Surr. Instead, Mr. Class makes broad factual statements as to his conviction and imprisonment claim, but such statements do not suffice to maintain a claim in this Court, even for *pro se* litigants. *See Henke*, 60 F.3d at 799 (explaining a Court "may excuse [a *pro se* litigant's pleadings] ambiguities, but it does not excuse its failures, if such there be"). For a litigant to maintain a claim in this Court, the litigant must allege facts sufficient to maintain an alleged unjust conviction and imprisonment claim. Therefore, since Mr. Class failed to allege "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense," this Court lacks jurisdiction over Mr. Class's unjust conviction and imprisonment claim. *See* 28 U.S.C. § 2513.

## 2. Jurisdiction Over Mr. Class's Constitutional Claims

Mr. Class claims "[t]his Petitioners [sic] . . . has been deny [sic] his right that was protected under the Bill of Right[s] by the 2nd amendment . . . [and] 14th amendment" among others and that "[government] employees did breach there [sic] contract to support and uphold the Constitutions, Bill of Rights under the 2nd Amendment and equal Protection Statutes [of the 14th Amendment]." Compl. Attach. at 7; Compl. at 2.

The government states "[t]his Court possesses jurisdiction to entertain constitutional claims only when the constitutional provision at issue mandate[s] payment of money by the government." Def's Mot. at 3 (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)) (internal quotation marks omitted). The government argues neither the Second nor the Fourteenth Amendment is money-mandating so "this Court does not possess jurisdiction over Mr. Class's constitutional claims." *See* Def's Mot. at 3.

The Tucker Act "confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision . . . in question expressly creates a substantive right enforceable against the federal government for money damages." *LeBlanc*, 50 F.3d at 1028 (citing *Testan*, 424 U.S. at 398). The Due Process Clauses of the Fifth and Fourteenth Amendments, as well as the Equal Protection Clause of the Fourteenth Amendment, are not "a sufficient basis for jurisdiction [in the Court of Federal Claims] because they do not mandate payment of money by the government." *Id.*; *see also Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980) ("[The Court of Federal

Claims] has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages."). Also, it is well-established that for purposes of jurisdiction under the Tucker Act, "the Second Amendment is not money-mandating." *Jordan v. United States*, 128 Fed. Cl. 46, 53 (2016) (citing *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam) ("[E]xcept for the taking clause of the fifth amendment, the other amendments do not require the United States to pay money for their alleged violation")).

The Tucker Act requires a claim to be money-mandating for this Court to have subject-matter jurisdiction, and Mr. Class's constitutional claims are based solely on the Second and Fourteenth Amendments, neither of which are money-mandating. Mr. Class's claims are not based on any money-mandating constitutional provision; therefore, this Court lacks subject-matter jurisdiction over Mr. Class's constitutional claims. *See Smith*, 709 F.3d at 1116 (Fed. Cir. 2013); *Jordan*, 128 Fed. Cl. at 53.

### 3. Jurisdiction Over Mr. Class's Federal Statutory Claims

Mr. Class alleges "[t]he Agents of United States Attorney Office employees did violate the Constitution under high crimes and Misdemeanors and Treason . . . [with] reckless disregard to" various Constitutional provisions and federal statutes which prohibit such action.[1] Compl. Attach. at 4. Additionally, Mr. Class claims "[t]his Petitioners [sic] . . . has been deny [sic] his right that was protected under . . . the Military Laws and militia laws of not just the States but on the very grounds of the District of Columbia by [government] Agents." Compl. Attach. at 7. He clarifies this claim by citing directly to 10 U.S.C. § 253 which in relevant part requires the President of the United States to use the military or any other means to "suppress . . . any insurrection, domestic violence, unlawful combination, or conspiracy if it . . . so hinders the execution of the laws of that State, and of the United States within the State, that any part or class of its people is deprived of a right, privilege, immunity, or protection named in the Constitution and secured by law." *See* Compl. Attach. at 6; 10 U.S.C. § 253.[2]

---

[1] Mr. Class claims misconduct and reckless disregard on behalf of the United States with regard to the following statutory and constitutional provisions: (1) "Code of Federal Ethics [and] Professional ethics" under 5 U.S.C. §§ 3331–33, 5507, and 28 U.S.C. § 544; (2) "abuse of power and misuse of public office" under 5 U.S.C. § 7311 and 18 U.S.C. § 1918; (3) the United States Constitution "under high crimes and Misdemeanors and Treason;" (4) the "Bill of Right [sic] 2nd amendment;" (5) "Article 4 sections1 [sic] & 2;" (6) "14th amendments [sic] section 1;" (7) "42 USC 1981;" (8) "[m]ilitia laws for the District of Columbia. § 49-401;" (9) "[s]tate right to carry with or without a conceal carry permit under the 2nd amendment;" and (10) "Civil Rights under Color of Law." *See* Compl. Attach. at 4–5. Mr. Class further alleges the United States Government has committed the following: (1) "abuse and misuse of taxpayer money to . . . [violate] supreme Court decision on a 2nd amendment protect rights violation;" (2) "plac[ing] false misleading and misrepresentation of information before a 'Grand Jury' with intent to perjury a sworn Oath to faithfully support the Constitution with intend to violate the 2nd amendment right;" (3) "violat[ion of] the Constitution of a Partisan conviction;" (4) "committed malfeasant; . . . [m]isfeasance, . . . [and] [n]onfeasance;" and (5) "waged War on protected right," specifically on behalf of the United States Attorney Office. *See* Compl. Attach. at 5–6 (emphasis omitted).

[2] Mr. Class cites to 10 U.S.C. § 333 in his complaint; however, this is an outdated citation. *See* Compl. Attach. at 6. The updated citation for the same statute is 10 U.S.C. § 253.

The government asserts "none of [the Federal statutes Mr. Class cites in his complaint] are money-mandating." Def's Mot. at 3. The government argues similarly to their argument over Mr. Class's constitutional claims, stating "[Class] fails to identify any money-mandating provision of law that entitles him to money damages[;] . . . [t]hus, this Court lacks jurisdiction to consider the complaint." *Id.*

When a claim is made pursuant to the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages," and "the trial court at the outset shall determine . . . whether the Constitutional provision, statute, or regulation is one that is money-mandating." *Fisher v. United States*, 402 F.3d 1167, 1172–73 (Fed. Cir. 2005). Such sources of substantive law are money mandating if they "can fairly be interpreted as mandating compensation for damages sustained as a result of a breach of the duties [it] impose[s]." *Id.* at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). If the substantive law in a case is not money-mandating, "the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal." *Id.*

Throughout his filings, Mr. Class fails to assert any of the federal statutes upon which he bases his claims are money-mandating. *See generally* Compl.; Compl. Attach.; Pl.'s Resp.; Pl.'s Surr. Further, none of the statutes he invokes can be interpreted as mandating financial compensation as a result of a breach. This Court's jurisdiction only extends over money-mandating statutes, and Mr. Class fails to show the statutes he invokes are money-mandating; therefore, this Court lacks subject-matter jurisdiction over Mr. Class's various statutory claims against the United States. *See Fisher*, 402 F.3d at 1173.

### 4. Jurisdiction Over Mr. Class's Contractual Claims

Mr. Class alleges in his response "[t]he real issue [in this case] . . . is the unconstitutional acts of those under a contract for wages to [the people of the United States]." Pl.'s Resp. at 2. He states "[t]hose who hold public office are under contract to 'We the people' under a sworn oath to up hold [sic] and protect the rights of the People" and states this contract is violated when a United States employee "knowing [sic] violate[s] the constitution to get a conviction." Pl.'s Surr. at 2; Pl.'s Resp. at 3. He attempts to invoke the jurisdiction of this Court by alleging "the Court of [Federal] Claims is a Court to bring . . . [c]laims against the United States/employees for" such a contractual violation. Pl.'s Resp. at 2–3. Additionally, Mr. Class argues government counsel "refuses to uphold and defend the Constitution of the United States[,] . . . has given the appearance in engaged in insurrection or rebellion against the [United States,] . . . [and] willfully with malice and with for thought dis [sic] violate there [sic] oath of Offices" and therefore must be disqualified from office. *Id.* at 8, 9.

The government replies "[n]either Mr. Class's complaint nor his response . . . set forth any non-frivolous factual allegations that plausibly suggest that he has a contract with the United States." Def.'s Reply at 2. Further, the government asserts none of his filings satisfactorily allege the required elements of a contract, including "mutual intent to contract, such as offer and acceptance, and consideration." *Id.* at 2. For these reasons, the government argues that "Mr.

- 6 -

Class has failed to plausibly allege that a contract exists with the Government" and "[his] allegation is insufficient to invoke this Court's jurisdiction." *Id.* at 1–2.

The Tucker Act vests this Court "jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Such jurisdiction "requires no more than a non-frivolous allegation of a contract with the government." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis omitted). "[D]ismissal may be proper for lack of subject matter jurisdiction if the claim is wholly insubstantial and frivolous." *Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020) (internal citation omitted). To state a claim for a government breach of contract, a plaintiff must plausibly allege the existence of a contract with the United States, which requires: "(1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government." *Biltmore Forest Broad. FM, Inc. v. United States*, 555 F.3d 1375, 1380 (Fed. Cir. 2009) (internal citation omitted). These requirements "are identical for both express and implied contracts." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) (internal citation omitted).

Mr. Class alleges the existence of a contract between the United States government and the American people and makes several assertions that this contract has been breached to his detriment as a member of the second party to the contract. *See generally* Pl.'s Resp. With these allegations, however, Mr. Class does not plausibly allege the existence of mutuality of intent to contract, consideration, an unambiguous offer and acceptance, and actual authority on the part of the government's representative to bind the government—all requisite elements of a legitimate contract with the government. *See Biltmore Forest Broad*, 555 F.3d at 1380. Failing to allege even one of these requirements would render such a claim frivolous, but Mr. Class fails to allege all of them, instead just asserting its existence. Indeed, the sparse facts surrounding Mr. Class's alleged contract between the government's attorney and himself as a citizen of the United States fall short of the requirements for a non-frivolous contract under the Tucker Act, and he fails to allege the existence of any other specific written or oral contract with the Government. Therefore, Mr. Class's contractual allegations are both wholly insubstantial and frivolous, and this Court accordingly lacks subject-matter jurisdiction over Mr. Class's contractual claims. *See id.*; *Engage Learning, Inc.*, 660 F.3d at 1353.

### 5.  Jurisdiction Over Mr. Class's Claims Against Government Officials

Lastly, Mr. Class calls for government counsel to be disqualified from the Federal Bar Association for violations of 36 U.S.C. § 70503(c) for "refus[ing] to uphold and defend the Constitution of the United States," specifically regarding the Tenth Amendment and the Fourteenth Amendment. Pl.'s Resp. at 8 (emphasis omitted). Mr. Class also alleges government counsel "has given the appearance in engaged in insurrection or rebellion against the [United States]" in direct violation of the Fourteenth Amendment. Pl.'s Resp. at 9. In each case, Mr. Class alleges violations by the United States upon his constitutional and statutory rights and attempts to use federal statutes as a basis for prosecution.

When a claim is made pursuant to the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages," and "the trial court at the outset shall determine . . . whether the Constitutional provision, statute, or regulation is one that is money-mandating." *Fisher*, 402 F.3d at 1173. Similarly, in relation to Constitutional rights violation claims, the Tucker Act "confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision . . . in question expressly creates a substantive right enforceable against the federal government for money damages." *LeBlanc*, 50 F.3d at 1028 (citing *Testan*, 424 U.S. at 398). A source of substantive law is money mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of a breach of the duties [it] impose[s]." *Fisher*, 402 F.3d at 1173 (internal citation omitted). If the substantive law in a case is not money-mandating, "the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal." *Id.* at 1173. Further, the Tucker Act states "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States." 28 U.S.C. § 1491(a)(1). It is widely established that this statute grants "the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Mr. Class fails to establish or assert in his filings that any of the statutes upon which he bases his claims against government counsel under 36 U.S.C. § 70503(c) are money-mandating. *See generally* Pl.'s Resp.; Pl.'s Surr. Further, none of the statutes referenced in his filings require money damages for violations. This Court's jurisdiction only extends over money-mandating statutes, and Mr. Class fails to show the statutes he invokes are money-mandating; therefore, this Court lacks subject-matter jurisdiction over Mr. Class's various statutory claims. Even if this statute were money-mandating, this Court's jurisdiction is limited to hearing cases only against the United States, and these claims are brought against a federal official and not the United States as required by the Tucker Act. Accordingly, this Court lacks subject-matter jurisdiction over Mr. Class's statutory claims against government counsel. *Brown*, 105 F.3d at 624.

## IV.     Conclusion

The Court has considered all of Mr. Class's arguments. To the extent not discussed specifically herein, Mr. Class's other claims are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. The Court of Federal Claims lacks subject-matter jurisdiction to consider Mr. Class's claims. The Court hereby: (1) **GRANTS** the government's motion to dismiss; and (2) **DISMISSES** the complaint.

        **IT IS SO ORDERED.**

                s/ Ryan T. Holte
                RYAN T. HOLTE
                Judge